UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE B. SOUTHERN, JR.                                                                PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:25-CV-452-CWR-ASH

WILLIAM FREDERICK KROOSS,                                                         DEFENDANTS
ET AL.

ORDER

This matter is before the Court *sua sponte* to address pro se Plaintiff Willie B. Southern, Jr.'s purported representation of his son. On June 20, 2025, Southern filed this action individually and on behalf of his deceased son, Jeffrey T. Mitchell. Compl. [1]. Southern says Defendants William Krooss, M.D., Aja Abai, M.D., Jacob Cox, D.O., Merit Health Rankin, and other individuals, failed to provide the care his son required after he was admitted to Merit Health for pneumonia and complications related to his HIV-positive status. *Id.* Southern alleges claims under Mississippi's medical negligence statute, Miss. Code Ann. § 15-1-36, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

Under 28 U.S.C. § 1654, a federal court litigant has the right to act as his own counsel. Southern, therefore, may proceed pro se as to any individual claims. But because Southern is not an attorney,[1] he may not proceed pro se on behalf of his son (or anyone else). *See Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) ("It is axiomatic than an

---

[1] The record lacks any indication that Southern is a licensed attorney who may represent Mitchell in this action. Southern certainly is not admitted to practice in the Southern District of Mississippi.

individual may proceed *pro se* in civil actions in federal court, . . . but it is equally certain that those not licensed to practice law may not represent the legal interest of others.") (citations omitted). Nor has Southern explained if he is authorized to represent the deceased party's estate. *Id.* at 211 ("A person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors."). On the present record, the Court lacks sufficient information to determine if Southern has legal authority to proceed on behalf of his deceased son.

Because pro se litigants are generally held to less stringent standards than litigants represented counsel, the Court will provide Southern with an opportunity to retain counsel. *See Ominski v. Northrop Grumman Shipbuilding, Inc.*, 466 F. App'x 341, 345 (5th Cir. 2012) (affording the plaintiff "the leeway to which she is entitled as a pro se petitioner"); *but see Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (explaining that a pro se litigant is "not exempt . . . from compliance with relevant rules of procedural and substantive law").

IT IS, THEREFORE, ORDERED that Plaintiff Willie B. Southern, Jr. shall, on or before August 13, 2025, either (1) obtain licensed counsel who shall enter an appearance on behalf of his deceased son, Jeffrey T. Mitchell, or (2) file a written response that explains the legal authority authorizing him to bring this action on behalf of his deceased son. Failure to comply with this order may result in the dismissal without prejudice of the claims Southern asserts on behalf of his son.

**SO ORDERED AND ADJUDGED** this the 23rd day of July, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE