UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE B. SOUTHERN, JR.                                                 PLAINTIFF

V.                                            CIVIL ACTION NO. 3:25-CV-452-CWR-ASH

DR. WILLIAM FREDRICK KROOSS, ET AL.                                     DEFENDANTS

ORDER

Pro se Plaintiff Willie B. Southern, Jr., has filed three motions relating to his inability to serve Defendant Dr. William Frederick Krooss with process: two motions to extend the time for service [44, 54], and one motion asking the Court to order the United States Marshal to serve Krooss [49]. For the reasons that follow, the Court denies all three motions as moot.

Southern, purporting to proceed individually and on behalf of his deceased son Jeffrey T. Mitchell, filed this lawsuit against Krooss, Dr. Aja Awa Abai, Dr. Jacob N. Cox, and Merit Health Rankin on June 20, 2025. On October 4, 2025, Merit Health filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 17(a). Mot. [7]. Merit Health's motion argues (1) that the statute of limitations bars Southern's claims; (2) that the Complaint fails to state facially plausible claims; and (3) that Southern is not a real party in interest who may pursue claims on Mitchell's behalf. *See* Mem. [8]. On August 6, 2005, Krooss filed a joinder in Merit Health's motion. Joinder [13]. Despite Krooss's appearance, Southern now seeks service-of-process-related relief as to Krooss.

But to the extent Southern failed to properly serve Krooss with process, Krooss has waived that issue. Objections to the sufficiency of "service of process must be raised in a timely fashion, i.e., as a party's first pleading in the case, or they are waived." *Broadcast Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 280 (5th Cir. 1987). Specifically, Federal Rule of Civil

Procedure 12(b) states that "[e]very defense to a claim for relief . . . must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (5) insufficient service of process . . . ." A Rule 12(b)(5) motion is appropriate to "challenge[] the mode of delivery *or the lack of delivery* of the summons and complaint." *Gartin v. Par Pharmaceutical Cos.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (emphasis added) (quoting 5B Wright & Miller, Fed. Prac. & Proc. Civ. 3d § 1353); *accord Young v. Scruggs*, No. 1:09-CV-669-KS-MTP, 2010 WL 2301641, at *2 (S.D. Miss. June 7, 2010) ("A Rule 12(b)(5) challenge is the proper vehicle to contest the mode of delivery of the lack of delivery of the summons and complaint."). Under Federal Rule of Civil Procedure 12(g)(2), "a party that makes a [Rule 12(b)] motion . . . must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." And 12(h)(1)(A) provides that "[a] party waives any defense listed in Rule 12(b)(2)–(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)."

At the time Krooss joined in Merit Health's Rule 12(b) motion to dismiss, a defense based on Southern's failure to serve him with process would have been "available" to him. Fed. R. Civ. P. 12(g)(2). Because Krooss failed to raise it then, he waived the defense. And since Krooss has waived the defense of insufficiency of service of process and appeared to defend the case on the merits, Southern need not continue in his efforts to effectuate process on Krooss. His motions [44, 49, 54] are denied as moot.

**SO ORDERED AND ADJUDGED** this the 20th day of October, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE